# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS EPPERSON, JR., | 1:08-CV-00151 LJO SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| | [Doc. #10] |
| JAMES D. HARTLEY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction by court trial on June 5, 2006, of corporal injury to a spouse in violation of Cal. Penal Code § 273.5(a), and felonious criminal threats in violation of Cal. Penal Code § 422. See Lodged Document No. 1. The trial court found the sentencing enhancement true and sentenced Petitioner to serve a total

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, the lodged documents in support of Respondent's motion to dismiss, and Petitioner's traverse.

1  determinate prison term of thirteen years. Id.

2      Petitioner did not appeal the conviction. He did, however, file petitions for writ of habeas corpus in the state courts. Although Respondent represents to the Court that Petitioner only filed a single petition in the California Supreme Court, Petitioner argues he also filed petitions in the superior and appellate courts. In support, Petitioner has lodged copies of orders from the Fresno County Superior Court and the California Court of Appeals, Fifth Appellate District ("Fifth DCA"), which show Petitioner did in fact file petitions in those courts. On June 12, 2007, the Fresno County Superior Court denied his habeas petition. See Exhibits in Support of Petitioner's Opposition. On June 25, 2007, Petitioner then filed a habeas petition in the Fifth DCA. Id. That petition was summarily denied on June 28, 2007. Id. Petitioner then filed a habeas petition in the California Supreme Court on July 20, 2007. See Lodged Doc. No. 2. The petition was denied on January 3, 2008, with citation to In re Swain, 34 Cal.2d 300, 304 (1949) and People v. Duvall, 9 Cal.4th 464, 474 (1995).

    On January 30, 2008, Petitioner filed the instant petition for writ of habeas corpus in this Court. He claims he was given an illegal enhancement and sentence in violation of his constitutional rights when the trial judge increased his sentence beyond the statutory maximum. On April 7, 2008, Respondent filed a motion to dismiss the petition for failure to exhaust state remedies. On April 16, 2008, Petitioner filed an opposition to Respondent's motion to dismiss.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d

1  599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).

2  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's

3  motion for dismissal pursuant to its authority under Rule 4.

4  B.  Exhaustion of State Remedies

5        A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

6  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

7  exhaustion doctrine is based on comity to the state court and gives the state court the initial

8  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

9  U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

10 1163 (9th Cir. 1988).

11       A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

12 full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

13 Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

14 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

15 and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

16 claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

17 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

18       Additionally, the petitioner must have specifically told the state court that he was raising a

19 federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

20 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);

21 Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court

22 reiterated the rule as follows:

23       In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
of state remedies requires that petitioners "fairly presen[t]" federal claims to the
24 state courts in order to give the State the "'opportunity to pass upon and correct
alleged violations of the prisoners' federal rights" (some internal quotation marks
25 omitted). If state courts are to be given the opportunity to correct alleged violations
of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
26 are asserting claims under the United States Constitution. If a habeas petitioner
wishes to claim that an evidentiary ruling at a state court trial denied him the due
27 process of law guaranteed by the Fourteenth Amendment, he must say so, not only
in federal court, but in state court.
28

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In this case, Respondent argues the claim raised in the federal petition remains unexhausted because Petitioner failed to "fairly present" the claim to the state courts. The California Supreme Court denied the petition with citation to In re Swain, 34 Cal.2d 300, 304 (1949) and People v. Duvall, 9 Cal.4th 464, 474 (1995), which generally indicates the claim was not alleged with sufficient particularity. Such a denial is considered a denial on procedural grounds which can be remedied by proper presentation of his claims, in which case the state remedies are left unexhausted. Harris v. Superior Court, 500 F.2d 1128 (9th Cir.1974) (en banc). However, the denial does not establish a *per se* failure to exhaust. The Court must independently examine the California Supreme Court petition to determine whether the claims were fairly presented. Kim v. Villalobos, 799 F.2d 1317, 1319, 1320 (9th Cir.1986).

Upon review of the petition, the Court finds the claim was alleged with sufficient particularity. Petitioner claimed the trial "court illegally used the same prior conviction to (1) give petitioner the high term of 3 years, (2) as a result of the prior conviction being a 'strike' the court used the same prior to double the 3 years making it 6 years and (3) a mandatory 5 years for the same prior conviction totaling 11 years, and P.C. 273.5 adding 2 more years totaling the sentence to 13 years." See Lodged Doc. No. 2 at 3. Petitioner claimed this was a violation of his constitutional rights pursuant to Cunningham v. California, 549 U.S. 270 (2007), Apprendi v. New Jersey, 530

1  U.S. 466 (2000) and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). <u>Id</u>. When the claim and facts
2  appear to have been stated with sufficient particularity, it is accepted the California Supreme Court
3  denied the petition as untimely. <u>See</u> <u>In re Sanders</u>, 21 Cal.4th 697, 703 (1998) (citing <u>In re Swain</u> at
4  page 304 as authority for denying a claim as untimely). This appears to be the case here. Therefore,
5  the claim is not procedurally deficient, it is procedurally barred and the claim is exhausted. <u>Kellotat</u>
6  <u>v. Cupp</u>, 719 F.2d 1027, 1029 (9th Cir.1983).

7      "[P]rocedural default is normally a defense that the state is obligated to raise and preserved if
8  it is not lose the right to assert the defense thereafter." <u>Trest v. Cain</u>, 522 U.S. 87, 89 (1997).
9  However, if recognizing the default would "further the interests of comity, federalism, and judicial
10 efficiency," the Court may *sua sponte* raise the issue when the default is obvious. <u>Boyd v.</u>
11 <u>Thompson</u>, 147 F.3d 1124, 1128 (9th Cir.1998). In this case, it is. Therefore, the Court will address
12 this issue following the resolution of the instant motion to dismiss.

13                                   **RECOMMENDATION**

14     Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss the petition
15 for failure to exhaust state remedies be DENIED, and Petitioner be ORDERED to SHOW CAUSE
16 why the Petition should not be DISMISSED for procedural default.

17     This Findings and Recommendation is submitted to the United States District Court Judge
18 assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
19 Local Rules of Practice for the United States District Court, Eastern District of California. Within
20 thirty (30) days after being served with a copy of this Findings and Recommendation, any party may
21 file written objections with the Court and serve a copy on all parties.  Such a document should be
22 captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are
23 directed to confine the objections to the undersigned's Findings with respect to the purported failure
24 to exhaust, **not** the possible procedural bar. The parties will be given an opportunity to address the
25 issue of the procedural default following resolution of Respondent's motion to dismiss.
26     Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days
27 if served by mail) after service of the Objections. The Finding and Recommendation will then be
28 submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. §

1  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may
2  waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
3  1991).
4  IT IS SO ORDERED.
5  **Dated:     April 24, 2008**              **/s/ Sandra M. Snyder**
                                               UNITED STATES MAGISTRATE JUDGE