1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11

CURTIS EPPERSON, JR.,         )    1:08-CV-00151 SMS HC
                    )

12

         Petitioner,    )    ORDER DENYING PETITION FOR WRIT
                    )    OF HABEAS CORPUS

13

   v.                   )
                    )    ORDER DIRECTING CLERK OF COURT

14

JAMES D. HARTLEY,       )    TO ENTER JUDGMENT
                    )

15

         Respondent.   )    ORDER DECLINING ISSUANCE OF
                    )    CERTIFICATE OF APPEALABILITY

16

_____)

17
18
19
20

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated April 28, 2008, this case was assigned to the undersigned for all purposes, including entry of final judgment.

21
22

## BACKGROUND

23
24
25
26
27

      Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction by plea of no contest on June 5, 2006, for corporal injury to a spouse (Cal. Penal Code § 273.5(a)) and making criminal threats (Cal. Penal Code § 422). See Lodged Doc. No. 1.[1] On August 24, 2006, Petitioner was sentenced to serve a total determinate term of thirteen years in state prison. Id. He did

28

---

[1]"Lodged Doc." refers to the documents lodged by Respondent with his response.

1    not appeal the conviction.

2          On March 5, 2008, Petitioner filed a petition for writ of habeas corpus in the Fresno County

3    Superior Court. The petition was denied on June 12, 2007. Petitioner then filed a petition in the

4    California Court of Appeal, Fifth Appellate District (hereinafter "Fifth DCA"), on June 25, 2007,

5    which was also denied. He then filed a petition in the California Supreme Court on July 20, 2007.

6    The petition was denied on January 3, 2008.

7          On January 30, 2008, Petitioner filed the instant federal petition for writ of habeas corpus.

8    He claims he was given an illegal enhancement and illegal sentence in violation of his Sixth and

9    Fourteenth Amendment rights when the judge increased his sentence beyond the statutory maximum.

10   On June 10, 2008, Respondent filed an answer to the petition. On June 18, 2008, Petitioner filed a

11   traverse.

12                              **FACTUAL BACKGROUND**[2]

13         Petitioner was sentenced on August 24, 2006, after entering a change of plea on June 5, 2006.

14   Petitioner pled no contest to making criminal threats and corporal injury on a cohabitant. Petitioner

15   also admitted to serving a prior prison term within the meaning of Cal. Penal Code § 667(a)(1), and

16   admitted to having suffered a prior strike conviction. In return the prosecutor dismissed counts 1, 2

17   and 5, as well as two one-year prison priors.

18         Petitioner understood that the term of imprisonment would include aggravated terms on both

19   offenses, doubled due to the prior strike, plus the mandatory five-year prior prison term. Prior to

20   explaining how that term would be achieved, the court and Petitioner had the following colloquy:

21         THE COURT: All right. Back on the record. Count three is violation of Penal Code section
           422. And, Mr. Epperson, listen to this, and make sure you understand it. It carries a penalty of
22         16 months, two years, or three years in prison. And because you have a strike, it would be
           doubled which makes it 32 months, four years, or six years, plus you have a five-year prison
23         prior which would make that 11 years, and the maximum of 11 years on the PC 422.

24         And on the PC 273.5, the penalty is two years, three years, or four years, which doubled
           would be four, six or eight years, plus a five-year prison prior would be 13 years.
25
           Do you understand that?
26

27   _____

28         [2]The factual summary is derived from the June 12, 2007, opinion of the superior court denying the petition for writ
     of habeas corpus. <u>See</u> Attachment to Petition.

1    PETITIONER: Yes.

2         The court then went over the change of plea form, which Petitioner acknowledged

3    understanding, reading and signing. The change of plea form stated that the terms of the plea were

4    based upon the indicated sentence of 11 or 13 years.

5         On August 24, 2006, Judge Quaschnick sentenced Petitioner to the upper term of four years

6    on his conviction for violating Penal Code section 273.5(a)(1), which was doubled due to

7    Petitioner's prior strike to eight years. The court also imposed the mandatory five-year prior prison

8    term. On the criminal threats conviction, the court imposed the mid-term sentencing Petitioner to one

9    year and four months, to run concurrent with the base term. In keeping with the terms of Petitioner's

10   plea bargain, he received a 13-year term of imprisonment.

11        "As this Court's decisions instruct, the Federal Constitution's jury trial guarantee proscribes a

12   sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a

13   fact, other than a prior conviction, not found by a jury *or admitted by the defendant*." Cunningham v.

14   California, 549 U.S. ___ (2007) (emphasis added).

15        Here, Petitioner stipulated that the court could impose either an 11-year or a 13-year term.

16   Petitioner's stipulation was in effect an admission of all facts necessary to impose the upper term he

17   received. Under Cunningham and in light of Petitioner's admission/stipulation, there was no error.

18                              **DISCUSSION**

19   **I. Jurisdiction**

20        Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

21   to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

22   the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

23   375 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S.

24   Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court,

25   which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly,

26   the Court has jurisdiction over the action.

27        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

28   1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

1   Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114

2   F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert.*

3   *denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997)

4   (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was

5   filed after the enactment of the AEDPA; thus, it is governed by its provisions.

6   **II.  Legal Standard of Review**

7          This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

8   pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

9   Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

10          The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death

11   Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade,  538 U.S. 63, 70

12   (2003).  Under the AEDPA, an application for habeas corpus will not be granted unless the

13   adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable

14   application of, clearly established Federal law, as determined by the Supreme Court of the United

15   States" or "resulted in a decision that was based on an unreasonable determination of the facts in

16   light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer,

17   538 U.S. at 70-71; see Williams, 529 U.S. at 413.

18          As a threshold matter, this Court must "first decide what constitutes 'clearly established

19   Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71,

20   *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court

21   must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time

22   of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly

23   established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by

24   the Supreme Court at the time the state court renders its decision." Id

25          Finally, this Court must consider whether the state court's decision was "contrary to, or

26   involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72,

27   *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the

28   writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

1   question of law or if the state court decides a case differently than [the] Court has on a set of

2   materially indistinguishable facts."  <u>Williams</u>, 529 U.S. at 413; <u>see also</u> <u>Lockyer</u>, 538 U.S. at 72.

3   "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state

4   court identifies the correct governing legal principle from [the] Court's decisions but unreasonably

5   applies that principle to the facts of the prisoner's case."  <u>Williams</u>, 529 U.S. at 413.

6         "[A] federal court may not issue the writ simply because the court concludes in its

7   independent judgment that the relevant state court decision applied clearly established federal law

8   erroneously or incorrectly.  Rather, that application must also be unreasonable."  <u>Id</u>. at 411.  A

9   federal habeas court making the "unreasonable application" inquiry should ask whether the state

10  court's application of clearly established federal law was "objectively unreasonable."  <u>Id</u>. at 409.

11        Petitioner has the burden of establishing that the decision of the state court is contrary to or

12  involved an unreasonable application of United States Supreme Court precedent. <u>Baylor v. Estelle</u>,

13  94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states,

14  Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court

15  decision is objectively unreasonable.  <u>See</u> <u>Duhaime v. Ducharme</u>, 200 F.3d 597, 600-01 (9th

16  Cir.1999).

17        AEDPA requires that we give considerable deference to state court decisions. The state

18  court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's

19  interpretation of its own laws. <u>Souch v. Schaivo</u>, 289 F.3d 616, 621 (9th Cir.2002), <i>cert. denied</i>, 537

20  U.S. 859 (2002), <i>rehearing denied</i>, 537 U.S. 1149 (2003).

21  **III.  Review of Petition**

22        Petitioner argues he was given an illegal enhancement and illegal sentence in violation of his

23  constitutional rights when the judge imposed a sentence beyond the statutory maximum. As

24  Respondent correctly argues, this claim is without merit for several reasons.

25        First, Petitioner claims he was given an aggregate 13-year term based on an illegal

26  computation and use of a prior. He argues that the same prior conviction was used 1) to give him the

27  high term of 3 years, 2) as a result of the prior conviction being a "strike" the court used the same

28  prior to double the 3 years making it 6 years; 3) a mandatory 5 years for the same prior conviction;

1   and 4) an additional two years for a violation of Cal. Penal Code § 237.5. As Respondent notes, this

2   computation is incorrect. Petitioner was sentenced to an eight year base term on the corporal injury

3   conviction. Because of the prior "strike" conviction, the four year upper term had been doubled as

4   prescribed by state law. See Cal. Penal Code § 667(e)(1). Petitioner was also given a five year term

5   enhancement because he had previously sustained a serious felony conviction. See Cal. Penal Code

6   § 667(a). Petitioner agreed that he could be sentenced to this 13 year sentence as a condition of his

7   plea bargain in which three other counts were dismissed. There was nothing improper in this

8   sentence computation under state law.

9        Second, Petitioner has failed to demonstrate constitutional error in the use of a prior

10   conviction as both a "strike" and a sentencing enhancement. As Respondent notes, California has

11   determined that multiple punishments will be imposed for a prior conviction: as a strike and as an

12   enhancement. See People v. Acosta, 29 Cal.4th 105, 131 (2002) ("[W]e similarly conclude that using

13   one of [defendant's] prior convictions first as a strike, then under option 1 to set the minimum term

14   of his indeterminate life sentence as a third strike offender, and then under section 667, subdivision

15   (a), to impose a five-year enhancement, conforms to the language of the Three Strikes law"); People

16   v. Cartwright, 39 Cal.App.4th 1123, 1138-39 (1995) ("We conclude the Legislature intended a

17   defendant's sentence under the three strikes law should include a doubled term or life term, as

18   appropriate under section 667, subdivision (e), plus an enhancement under section 667, subdivision

19   (a) for each prior serious felony conviction.") Addressing the subject of multiple punishments, the

20   Supreme Court has stated: "[T]he question of what punishments are constitutionally permissible is

21   no different from the question of what punishment the Legislative Branch intended to be imposed.

22   *Where Congress intended, as it did here, to impose multiple punishments, imposition of such*

23   *sentences does not violate the Constitution.*" Missouri v. Hunter, 459 U.S. 359, 368 (1983), *quoting*

24   Albernaz v. United States, 450 U.S. 333, 344 (1981). Therefore, because California has determined

25   that a prior conviction is to be punished as both a strike and sentencing enhancement, no

26   constitutional violation has occurred.

27        Petitioner's string citation to Cunningham v. California, 549 U.S. 270 (2007), Apprendi v.

28   New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), is unavailing.

1    These decisions "proscribe a sentencing scheme that allows a judge to impose a sentence above the

2    statutory maximum based on a fact, *other than a prior conviction*, not found by a jury or *admitted by*

3    *the defendant*." <u>Cunningham</u>, 127 S.Ct. 856, 860 (emphasis added); <u>Apprendi</u>, 530 U.S. 466; <u>Ring v.</u>

4    <u>Arizona</u>, 536 U.S. 584 (2002); <u>Blakely</u>, 542 U.S. 296; <u>United States v. Booker</u>, 543 U.S. 220 (2005).

5    As Petitioner's claim involves imposition of a sentence based on a prior conviction, and he admitted

6    the prior conviction, these cases are inapplicable.

7        Third, there is no merit to the argument that the use of a single prior conviction as a strike

8    and enhancement, and as a predicate for imposition of an upper base term, created an illegal

9    sentence. As Respondent states, the predicate for imposition of the upper term was Petitioner's

10   stipulation to the imposition of that term. Also, Petitioner specifically bargained for this term and the

11   imposition of the upper term. Finally, Petitioner cannot demonstrate any prejudice resulting from the

12   dual use of the conviction. Even if it were necessary to rely on a prior conviction rather than

13   Petitioner's stipulation in order to impose the upper term, there were numerous prior convictions

14   available other than the one used for the strike and enhancement from which the upper term could

15   have been imposed. <u>See</u> Probation Report at 4.

16       In sum, Petitioner has not shown that the state court's adjudication of his claim "resulted in a

17   decision that was contrary to, or involved an unreasonable application of, clearly established Federal

18   law, as determined by the Supreme Court of the United States" or "resulted in a decision that was

19   based on an unreasonable determination of the facts in light of the evidence presented in the State

20   Court proceeding." 28 U.S.C. § 2254(d). Accordingly, the petition must be denied.

21   **IV.  Procedural Default**

22       In this Court's Findings and Recommendation of April 24, 2008, it was specifically noted

23   that Petitioner may have procedurally defaulted his claims by failing to present his claims to the

24   California Supreme Court with sufficient particularity. On May 15, 2008, the Court invited Petitioner

25   to show cause why the claims were not procedurally defaulted. Petitioner filed a response to the

26   order on May 12, 2008. In his response, Petitioner disagreed with the Court's determination that a

27   procedural default had occurred. However, he failed to demonstrate cause and prejudice for the

28   default. Thus, the instant petition could be dismissed for procedural default. Nevertheless as shown

1  above, there is no merit to the petition, and the Court finds it expedient to deny the petition on the

2  merits.

3  **V.  Certificate of Appealability**

4          A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

5  district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-

6  El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue

7  a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

8          (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
         district judge, the final order shall be subject to review, on appeal, by the court
9          of appeals for the circuit in which the proceeding is held.

10         (b) There shall be no right of appeal from a final order in a proceeding to test the
         validity of a warrant to remove to another district or place for commitment or trial
11         a person charged with a criminal offense against the United States, or to test the
         validity of such person's detention pending removal proceedings.

12         (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an
13                 appeal may not be taken to the court of appeals from–

14                 (A) the final order in a habeas corpus proceeding in which the
                 detention complained of arises out of process issued by a State
15                 court; or

16                 (B) the final order in a proceeding under section 2255.

17         (2) A certificate of appealability may issue under paragraph (1) only if the
         applicant has made a substantial showing of the denial of a constitutional right.

18         (3) The certificate of appealability under paragraph (1) shall indicate which
19         specific issue or issues satisfy the showing required by paragraph (2).

20         If a court denies a petitioner's petition, the court may only issue a certificate of appealability

21  "if jurists of reason could disagree with the district court's resolution of his constitutional claims or

22  that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

23  further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the

24  petitioner is not required to prove the merits of his case, he must demonstrate "something more than

25  the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at

26  1040.

27         In the present case, the Court finds that reasonable jurists would not find the Court's

28  determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

deserving of encouragement to proceed further.  Petitioner has not made the required substantial

showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a

certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DENIED WITH PREJUDICE;

2) The Clerk of Court is DIRECTED to enter judgment for Respondent; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:    October 10, 2008                          /s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE